**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALISON STEELE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CAYLEY MANDADI; | § § § | |
| *Plaintiffs*, | § § | SA-21-CV-00780-XR |
| v. | § § | |
| TRINITY UNIVERSITY, MARK HOWERTON, | § § § | |
| *Defendants.* | § § | |

## STANDING ORDER CONCERNING REMOVED CASES

### NOTICE TO REMOVING DEFENDANT(S):

(1) **FILE THE COMPLETE STATE COURT RECORD**. Pursuant to 28 U.S.C. § 1447(b) and the Fact Sheet for Judge Xavier Rodriguez (available at https://www.txwd.uscourts.gov), if not already done, the removing party(ies) shall, within fourteen days of this Order, supplement the record with all state court pleadings. The supplement is to be filed electronically and shall include a copy of the complete file, including the docket sheet, in this cause from the court from which this case was removed.

(2) **PROPERLY PLEAD THE CITIZENSHIP OF ALL PARTIES**. If this case has been removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332, the removing party has the burden to demonstrate that there is complete diversity by properly pleading the citizenship of all parties. Parties must make "clear, distinct, and precise affirmative jurisdictional allegations." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). The removing party shall ensure that they have properly pled the citizenship of all parties in this case as outlined below, and shall file an amended notice of removal or supplement their original notice of removal within 14 days of this Order if they have not. Failure to file an amended Notice of Removal or to supplement the record with proper citizenship allegations within 14 days may result in remand of this action by the Court *without further notice.*

> (a) **Individuals/Natural Persons**: For individuals, pleading residence is insufficient; the notice of removal must plead their citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile. Nevertheless, citizenship and residence are not synonymous terms. Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home. Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship.") (cleaned up).

(b) **LLCs, Partnerships, and Unincorporated Associations**: The citizenship of limited liability entities is determined by the citizenship of all their members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Similarly, the citizenship of a partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853, 856 n.3 (5th Cir. 2003). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). When members or partners are themselves entities or associations, citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).[1]

(c) **Corporations:** A corporation is a citizen of its state(s) of incorporation *and* of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The removing party must allege *both* a corporation's state of incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

(3) **SUBMIT AN ADVISORY TO THE COURT WITH ANSWERS TO THE FOLLOWING QUESTIONS WITHIN 7 DAYS:**

(a) The date on which the removing party was served with a summons and petition. If the Notice of Removal is filed more than thirty days after this date, explain why. If removal is based on "other paper," identify the paper (provide it if not already provided) and state the date on which it was received.

(b) Identify whether any defendants who had been served prior to the time of removal are citizens of Texas.

(c) Identify any defendant who had been served prior to the time of removal who did not formally join in the notice of removal and the reasons therefor (provide copies of written consents, if any, if not already on file).

(d) Was this case removed from one of the following counties: Atascosa, Bandera, Bexar, Comal, Dimmit, Frio, Gonzales, Guadalupe, Karnes, Kendall, Kerr, Medina, Real, or Wilson. If no, state what county it was removed from.

---

[1] If the members of an LLC or partners of a partnership are unknown to the removing party even after a diligent investigation, the removing party may allege its citizenship on information and belief. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015). Before doing so, the removing party should consult the sources at its disposal, including court filings and other public records to ensure good faith pleading. *Id*. at 108.

**NOTICE TO PLAINTIFF(s)**:

(1) **MOTIONS TO REMAND**: Plaintiff(s) must file a motion to remand based on any procedural defects in removal within thirty days of the filing of the Notice of Removal. 28 U.S.C. § 1447(c). The Court will not *sua sponte* remand on the basis of a procedural defect.

(2) **SERVICE OF PROCESS**: Rule 4 applies to a civil action after it is removed from state court. If any Defendant has not yet been served (including the removing Defendant), Plaintiff must serve them pursuant to Rule 4. Failure to timely serve a defendant may result in dismissal pursuant to Rule 4(m).

**NOTICE TO ALL PARTIES**:  Any motion filed in the state court before removal that still requires resolution in this Court must be re-filed as a new motion in this Court.

SIGNED this August 20, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE