IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALISON STEELE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CAYLEY MANDADI, Plaintiffs | § § § § § | |
| v. | § § | Case No. 5:21-CV-780XR |
| TRINITY UNIVERSITY and MARK HOWERTON, Defendants | § § § § | |

**DEFENDANT MARK HOWERTON'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION (COMPLAINT)**

**TO THE HONORABLE JUDGE OF SAID COURT**

NOW COMES Mark Howerton, Defendant in the above-titled and numbered cause and files Answer to Plaintiff's Original Petition (Complaint). Defendant respectfully shows the Court as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of Plaintiff's Original Petition (Complaint) that relate to defendant Trinity University ("Trinity"). To the extent Plaintiff makes allegations of wrongdoing against Defendant Howerton in paragraph 1, Defendant Howerton invokes the Fifth Amendment to the United States Constitution's privilege against self-incrimination. *See Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (5th Cir. 2012). The basis of Defendant Howerton's invocation of the Fifth Amendment privilege against self-incrimination is that he was charged, via true bill of indictment, in Cause Number 2019-CR-2399, *The State of Texas v. Mark P. Howerton*, and said case is currently pending San Antonio, Bexar County, Texas. The underlying factual basis for Plaintiff's Original Petition (Complaint) and for the indictment in Cause Number 2019-CR-2399

is the same. The overlap of the allegations in the indictment and Plaintiff's allegations creates an actual danger of self-incrimination and the need for Defendant Howerton to invoke the Fifth Amendment. Defendant Howerton reasonably believes that if he does not remain silent, and neither admit nor deny the allegations in Plaintiff's suit, any statement he may make may be used against him in the criminal proceeding related to the indictment.[1]

2. Defendant Howerton can neither admit nor deny the allegation related to the entry of a discovery control plan pursuant to the Texas Rules of Civil Procedure as this case is currently controlled by the Federal Rules of Civil Procedure. Defendant Howerton expects the parties to confer regarding a scheduling order in this cause.

3. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's usual place of abode.

4. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of Trinity's principle place of business.

5. Admit.

6. Defendant Howerton lacks knowledge or information sufficient to form a belief about the tradenames or assumed names of any party.

7. Defendant Howerton admits that he is subject to the jurisdiction of this Court. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 7 of Plaintiff's Original Petition (Complaint). Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

---

[1] For brevity, and to the extent further allegations in Plaintiff's suit require Defendant Howerton to invoke his Fifth Amendment right against self-incrimination, Defendant Howerton shall simply state "Defendant Howerton invokes his Fifth Amendment right against self-incrimination".

8. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

9. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

10. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 10 of Plaintiff's Original Petition (Complaint). Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

11. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

12. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

13. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

14. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

15. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 15 of Plaintiff's Original Petition (Complaint). Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

16. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 16 of Plaintiff's Original Petition (Complaint). Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

17. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 17 of Plaintiff's Original Petition (Complaint). Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

18. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 18 of Plaintiff's Original Petition (Complaint).  Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

19. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 19 of Plaintiff's Original Petition (Complaint).  Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

20. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 20 of Plaintiff's Original Petition (Complaint).  Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

21. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

22. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 22 of Plaintiff's Original Petition (Complaint).  Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

23. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraph 23 of Plaintiff's Original Petition (Complaint).  Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

24. Defendant Howerton invokes his Fifth Amendment right against self-incrimination.

25. Defendant Howerton lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Defendant Trinity in paragraphs 25-47 of Plaintiff's Original Petition (Complaint).  Otherwise, Defendant Howerton invokes his Fifth Amendment right against self-incrimination to paragraphs 25-47 of Plaintiff's Original Complaint.

26. Defendant Howerton invokes his Fifth Amendment right against self-incrimination in paragraphs 48-72 of Plaintiff's Original Petition (Complaint).

## AFFIRMATIVE DEFENSE – LIMITATIONS

27. Defendant Howerton pleads the affirmative defense of statute of limitations to the extent that Plaintiff's claims should have been brought within two (2) years of the date the cause of action for wrongful death accrued.  Defendant Howerton alleges and avers that Plaintiff's cause of action accrued on October 31, 2017, and that Plaintiff should have filed a lawsuit on or before October 31, 2019.  Defendant alleges and avers that Plaintiff's claims are time-barred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by her suit.  Defendant prays for such other and further relief to which he may be justly entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF ROBERT F. WHITE, P.C.
10107 McAllister Freeway
San Antonio, Texas 78216
Telephone: (210) 771-5766
Facsimile: (210) 428-6410

By:   */S/Robert F. White*
ROBERT F. WHITE
Texas Bar No. 24067934
robert@rfwpc.com
*Attorney for Defendant*
*Mark Howerton*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument of the above and foregoing instrument has been forwarded to all parties and/or attorneys of record via the CM/ECF system on September 7, 2021and that counsel has complied with CM/ECF procedures.

<u>/S/Robert F. White</u>
ROBERT F. WHITE