# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALISON STEELE, INDIVIDUALLY<br>AND ON BEHALF OF THE ESTATE OF<br>CAYLEY MANDADI;<br>        *Plaintiff,*<br><br>v.<br><br>TRINITY UNIVERSITY, MARK<br>HOWERTON,<br>        *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.  5:21-cv-00780-XR |

## DEFENDANT TRINITY UNIVERSITY'S MOTION TO DISMISS CLAIMS ASSERTED BY PLAINTIFF

ALLEN, STEIN & DURBIN, P.C.

*/s/ Jennifer Gibbins Durbin*
_____
Jennifer Gibbins Durbin
jdurbin@asdh.com
Katherine M. Willis
kwillis@asdh.com
6243 I.H. 10 West, Suite 700
P.O. Box 101507
San Antonio, Texas 78201
(210) 734-7488 (Telephone)
(210) 738-8036 (Telecopier)
jdurbin@asdh.com
kwillis@asdh.com

**ATTORNEYS FOR DEFENDANT
TRINITY UNIVERSITY**

## <u>TABLE OF CONTENTS</u>

Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

I.     Plaintiff's Petition does not establish Alison Steele's capacity to sue        7
       on behalf of the Estate of Cayley Mandadi . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.    Plaintiff's Section 1983 Claim Fails as a Matter of Law . . . . . . . . . . . . . . . . . . . . . .   8

III.   Plaintiff has failed to state a viable claim under Title IX . . . . . . . . . . . . . . . . . . . . .   10

IV.    Plaintiff has failed to state a viable claim under Texas law . . . . . . . . . . . . . . . . . . . .   13

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Austin Nursing Ctr., Inc. v. Lovato*,
171 S.W.3d 845 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Barnes v. Gorman*,
536 U.S. 181 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Beckwith v. City of Houston*,
790 Fed. Appx. 568 (5th Cir. Tex. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Boyd v. Texas Christian Univ.*,
8 S.W.3d 758 (Tex. App.—Fort Worth 1999, no pet.) . . . . . . . . . . . . . . . . . . 15, 16

*Centeq Realty, Inc., v. Siegler*,
899 S.W.2d 195, 197 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Davis v. Monroe County Bd. of Educ.*,
526 U.S. 629, 643 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Doe v. Henderson Indep. Sch. Dist.*,
237 F.3d 631 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Doe v. Linam*,
225 F.Supp.2d 731 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gatten v. McCarley*,
391 S.W.3d 689 (Tex. App.—Dallas 2013, no pet.) . . . . . . . . . . . . . . . . . . . . 16

*Gebser v. Lago Vista Indep. Sch. Dist.*,
524 U.S. 274 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

*Gonzales v. Wyatt*,
157 F.3d 1016 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hux v. Southern Methodist Univ.*,
819 F.3d 776 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*King-White v. Humble Indep. Sch. Dist.*,
  803 F.3d 754 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11, 12, 13

*Li v. Univ. of Tex. Health Sci. Ctr at Houston*,
  984 S.W.2d 647 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) . . . . . . . . . . .   9

*Mercer v. Duke Univ.*,
  50 Fed. App'x 643 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Nabors Drilling, USA Inc. v. Escoto*,
  288 S.W.3d 401, 404 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Pawlowski v. Delta Sigma Phi*,
  2009 WL 415667, 47 Conn. L. Rptr. 132 (Sup. Ct. Conn. 2009) . . . . . . . . . . . . . . .   17

*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9, 10

*Pluet v. Frasier et al.*,
  355 F.3d 381 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Rabel v. Illinois Wesleyan Univ.*,
  514 N.E.2d 552 (Ill. App. Ct. 4th Dist. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Roe v. St. Louis Univ.*,
  746 F.3d 874 (8th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Rosborough v. Management & Training Corp.*,
  350 F.3d 459 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Ross v. Univ. of Tulsa*,
  2015 WL 4064754 (N.D. Okla., July 2, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Stephanie M. v. Coptic Orthodox Patriarchate Diocese*,
  362 S.W.3d 656 (Tex. App.—Houston [14th Dist.] 2011, no pet.) . . . . . . . . . . . . . .   14

*Tanja H. v. Regents of the Univ. of Calif.*,
  228 Cal.App.3d 434 (Cal. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Thapar v. Zezulka*,
  994 S.W.2d 635 (Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

*Wallace v. Kato*,                                                                9
   549 U.S. 384, 388 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Wilson v. Garcia,*
   471 U.S. 261(1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Wong v. Satripling*,
   881 F.2d 200 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

## Statutes

20 U.S.C. § 1681. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6, 8

TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9, 12, 14

TEX. CIV. PRAC. & REM. CODE ANN. § 16.0045. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10, 14

### *DEFENDANT TRINITY UNIVERSITY'S MOTION TO DISMISS CLAIMS ASSERTED BY PLAINTIFF*

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES TRINITY UNIVERSITY ("Trinity"), one of the Defendants in the above-styled and numbered cause, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, files this Motion to Dismiss Claims Asserted by Plaintiff in Plaintiffs' Original Petition and Jury Demand [Dkt. 1-3], and as grounds thereof would respectfully show the Court as follows:

### OVERVIEW

Cayley Mandadi was a full-time student at Trinity University from the Fall of 2016 until her untimely death on October 31, 2017. Cayley Mandadi's on again/off again boyfriend Defendant Mark Howerton ("Howerton") has been arrested and charged with the murder of Cayley Mandadi. At no time was Defendant Howerton a student or employee of Trinity. The events leading up to the alleged assault and death of Cayley Mandadi all took place outside of the Trinity University campus. Plaintiff Alison Steele is the biological mother of Cayley Mandadi. Plaintiff Alison Steele, Individually and on Behalf of the Estate of Cayley Mandadi, has sued Howerton for assault, sexual assault, and rape, intentional infliction of emotional distress, negligence and gross negligence and Trinity for claims under Texas law, violation of Equal Protection Under 42 U.S.C. § 1983, and claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

Dismissal of Plaintiff's claims against Trinity is warranted because Plaintiff has failed to state a claim for which relief can be granted. Specifically, Plaintiff's claimed are barred by the statute of limitations. Further, Trinity as an institution of higher learning may not be held liable for damages for the criminal acts of a non-student/non-employee against one of its students at an off-campus event which was not affiliated with Trinity. Because Plaintiff has failed to state a plausible claim, Trinity moves to dismiss all claims.

## STANDARD OF REVIEW

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff's complaint must provide sufficient factual allegations that, when assumed to be true, state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. When a complaint pleads acts that are "merely consistent with" a defendant's liability, "it 'stops short of the line between possibility and plausibility.'" *Id*. (citations omitted). Although the court must accept well-pleaded facts as true, conclusory allegations are not entitled to a presumption of truth. *Id.* at 678-79.

## SUMMARY

Assuming the truth of Plaintiff's allegations as plead, Plaintiff has failed to state a claim for which relief can be granted. Specifically, Plaintiff Alison Steele lacks capacity to sue on behalf of the Estate of Cayley Mandadi. Further, all of Plaintiff's claims against Trinity are barred by the applicable statute of limitations. Finally, Plaintiff's negligence claims fail as a matter of law due to the lack of legal duty which is an essential element of a negligence claim. Texas courts have not recognized any "special relationship" between universities and their students. Accordingly, under Texas law, a private university such as Trinity does not owe a legal duty to protect its students from harm from fellow students that occurs at an off-campus location and event which is not affiliated with the institution. A legal duty would certainly not be created to protect a student such as Cayley Mandadi from the acts of Mark Howerton, a non-student/non-employee of Trinity.

## ARGUMENT AND AUTHORITIES

I.      **Plaintiff's Petition does not establish Alison Steele's capacity to sue on behalf of the Estate of Cayley Mandadi**

Plaintiff's Original Petition does not establish Alison Steele's capacity to bring claims on behalf of the Estate of Cayley Mandadi. "[A]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1).  Real parties-in-interest can include either an executor or administrator.  *Id.*, Rule 17(a)(1)(A)-(B).  A party's capacity is determined by state law.  *Id.* Rule 17(b).  Under Texas law, for any claims that passed to Cayley Mandadi's estate at the time of her death, Plaintiff must be a valid representative of her estate to have the capacity to bring those claims.  Although Plaintiff is Cayley Mandadi's biological mother, she does not plead that she is the duly appointed administrator of Cayley Mandadi's estate or that no administration is open and that none is necessary by operation of law.  In fact, Plaintiff's Petition is completely devoid of any statement as to her authority to bring claims on behalf of the Estate of Cayley Mandadi.

Under 42 U.S.C. § 1983, a party must have standing under the state wrongful death or survival statutes to bring a claim.  *See Pluet v. Frasier et al.*, 355 F.3d 381, 383-86 (5th Cir. 2004) (affirming lower court's determination that a representative did not have standing to bring the suit when she did not have the authority to file a complaint on behalf of the estate at the time she filed her initial and amended complaints) (citation omitted); *but see Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 852 (Tex. 2005) (allowing appointment as estate administrator to relate back to pre-limitations filing).  Plaintiff's Original Petition does not demonstrate Plaintiff's capacity to bring this suit on behalf of Cayley Mandadi's estate.

## II.    Plaintiff's 42 U.S.C. § 1983 Claim Fails as a Matter of Law

### A.    Plaintiff's Section 1983 Claim should be dismissed because Plaintiff does not establish the basis for bringing a Section 1983 claim against a private entity

With regard to her Section 1983 claim, Plaintiff's lawsuit fails to state a claim upon which relief can be granted and that claim, therefore, should be dismissed.  Plaintiff purports to sue

Trinity under Section 1983.  To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the United States Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003).  An entity acts "under color of law" when it performs a function that is traditionally within the exclusive province of the government.  *Id.*, citing *Wong v. Satripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Plaintiff does not allege anywhere in her Petition that Trinity was acting under color of state law or otherwise explain how she can maintain a Section 1983 claim against a private university such as Trinity.  Therefore, her complaint fails to state a claim upon which relief may be granted and Plaintiff's Section 1983 claims should be dismissed.

### B.   Plaintiff's Section 1983 Claim should be dismissed because the statute of limitations has expired

Assuming Plaintiff's Section 1983 claim is not dismissed based on lack of a state actor, such claim should be dismissed because the allegations on the face of Plaintiff's Petition and the pleadings on file with the Court establish that the statute of limitations has expired.  State statutes of limitations apply for personal injury torts brought in a Section 1983 action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  In Texas, that statute of limitations is two years.  *See Li v. Univ. of Tex. Health Sci. Ctr at Houston*, 984 S.W.2d 647, 651 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  Cayley Mandadi passed away on October 31, 2017.  Plaintiff filed her lawsuit on June 28, 2021, three and a half years later.

Accrual of a Section 1983 claim is governed by federal law:

Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been

9

injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). All claimed acts or omissions on the part of Trinity pled by Plaintiff as the basis of her Section 1983 claim occurred on or prior to October 29, 2017.[1] It is clear from the pleadings on file with this Court that any cause of action for violation of Section 1983 accrued on or before October 29, 2017 which puts the filing of the instant lawsuit outside of the applicable statute of limitations. Therefore, Plaintiff's claim for Section 1983 violation fails to state a claim upon which relief can be granted and it should be dismissed.

In her Petition, Plaintiff states that Section 16.0045 of the Texas Civil Practice & Remedies Code operates to extend the statute of limitations for all claims against Trinity to five (5) years.[2] However, section 16.0045 has not been extended to civil rights cases and the two (2) year statute of limitations would apply. *Beckwith v. City of Houston*, 790 Fed. Appx. 568 (5th Cir. Tex. 2019), cert. denied, 140 S. Ct. 1127, 206 L.Ed.2d 190 (U.S. 2020). Plaintiff did not assert her 1983 claims within in the two (2) year statute of limitations. Those claims should, therefore, be dismissed.

## III. Plaintiff has failed to state a viable claim under Title IX

### A. Overview of Title IX Claims

---

[1] *See* Plaintiff's Original Petition and Jury Demand, Dkt. 1-3, Section VI.
[2] *See* Plaintiff's Original Petition and Jury Demand, Dkt. 1-3, Section XIV, ¶73.

Title IX is a federal statute that prohibits gender discrimination by educational institutions that receive federal funds. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998). The Supreme Court has recognized in "certain limited circumstances" a cause of action for damages based on student-to-student sexual harassment. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 643 (1999) (emphasis added). The Court held that damages may be available if a school official with authority to take corrective action receives "actual knowledge" of sexual harassment and responds with "deliberate indifference" that subjects the student to "further" harassment. *Id.* at 644-645, 648. Liability is permitted only if the institution exercised "substantial control over *both* the harasser and the context in which the known harassment occurs." *Id.* at 645 (emphasis added). The Supreme Court specifically rejected a liability standard premised on negligence or constructive notice. *Gebser*, 524 U.S. at 281-282. The Court also cautioned the lower courts to "refrain from second-guessing the disciplinary decisions made by school administrators." *Davis*, 526 U.S. at 648. Applying these standards, courts have rejected claims based on off-campus assaults occurring at events that were not affiliated with the institution. *See, e.g.*, *Roe v. St. Louis Univ.*, 746 F.3d 874 (8th Cir. 2014) (rejecting the claim of a female student athlete who alleged that she was raped at an off-campus fraternity party).

**B.    Plaintiff's Title IX claims are barred by the statute of limitations.**

A plaintiff's cause of action is subject to dismissal based on the defense of limitations when it is evident from the pleadings that the action is barred and there is no basis for tolling. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). In this case, Plaintiff's Title IX claims are untimely and there is no basis for tolling.

The statute of limitations for Title IX claims is two years. *Id.* at 759. Because Title IX does not have its own statute of limitations, courts borrow the forum state's personal injury

11

statute of limitations. *Id.* at 760-761, citing *Wilson v. Garcia*, 471 U.S. 261, 266, 278-79 (1985). In Texas, the general personal injury statute of limitations is two (2) years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). In *King-White* the Fifth Circuit expressly rejected the argument that the five-year limitations period found in Section 16.0045 of the Texas Civil Practice & Remedies Code applies to Title IX claims. *See id.* at 760-761. Plaintiff filed this lawsuit on June 28, 2021, more than two years after the assault that resulted in the death of Cayley Mandadi.

The time of accrual is a question of federal law. *King-White*, 803 F.3d at 762. The statute of limitations begins to run when the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. *Id.* (citation and quotation omitted). The plaintiff's awareness encompasses both knowledge of the injury and knowledge of the causal link between the injury and the defendant. *Id.* The plaintiff "need not know the full extent of his injury because it is the discovery of the injury, not all of the elements of the cause of action, that starts the limitations clock." *Doe v. Henderson Indep. Sch. Dist.*, 237 F.3d 631, 2000 WL 1701752, at 6 (5th Cir. 2000) (unreported) (citation omitted). Further, awareness for accrual purposes does not mean "actual knowledge," but rather means there are circumstances that would lead a reasonable person to investigate further. *King-White*, 803 F.3d at 762.

In her Petition, Plaintiff has not alleged any basis for tolling of the statute of limitations with regard to her Title IX claims. In fact, Plaintiff's Petition is completely devoid of any reason for not filing the instant action within two (2) years from the death of Cayley Mandadi (*i.e.,* October 31, 2019) other than reliance on Section 16.0045 of the Texas Civil Practice and Remedies Code to extend the statute of limitations for her Title IX claims to five (5) years. As stated above, the Fifth Circuit has rejected the argument that the five-year limitations period found in Section

16.0045 of the Texas Civil Practice & Remedies Code applies to Title IX claims. *King-White*, 803 F.3d at 760-761. Plaintiff's Title IX claim is time-barred and should, therefore, be dismissed.

### C.   Exemplary damages are not recoverable under Title IX

In her Petition, Plaintiff makes a general statement that she seeks to recover "exemplary damages in an amount to be determined by the trier of fact."[3] Punitive or exemplary damages are not recoverable under Title IX as a matter of law. *See Mercer v. Duke Univ.*, 50 Fed. App'x 643 (4th Cir., Nov. 15, 2002) (unreported), citing *Barnes v. Gorman*, 536 U.S. 181 (2002). Accordingly, Trinity moves to dismiss any claims for punitive or exemplary damages under Title IX.

## IV.   Plaintiff has failed to state a viable claim under Texas law

Plaintiff has asserted common law claims for negligence, negligence *per se*, and gross negligence against Trinity. Specifically, in her Petition, Plaintiff states that Trinity breached the duty of care owed to Plaintiff by:[4]

a.   Failing to train faculty, staff and students regarding identifying stalking, dating violence, sexual harassment, and sexual misconduct impacting anyone in its student body;

b.   Failing to train faculty, staff and students regarding responding to stalking, dating violence, sexual harassment, and sexual misconduct impacting anyone in its student body;

c.   Failing to train faculty and staff regarding Trinity's duties, requirements and obligations under Title IX;

d.   Failing to respond to the known stalking, dating violence, harassment, and intimidation of Ms. Mandadi on Trinity's campus;

e.   Failing to follow the University's own procedures in responding to known instances involving stalking, dating violence, harassment, and intimidation;

---

[3] *See* Plaintiff's Original Petition and Jury Demand, Dkt. 1-3, Section XIII.
[4] *See* Plaintiff's Original Petition and Jury Demand, Dkt. 1-3, ¶47.

    f.   Failing to enforce its own guidelines and procedures regarding persons allowed on campus;

    g.   Failing to notify Ms. Mandadi's parents and guardians regarding the disciplinary hearing involving Ms. Mandadi;

    h.   Failing to maintain safe premises for its students regardless of their gender.

These claims are untimely and Trinity moves to dismiss these claims for the reasons set out below.

### A.    Plaintiff's state law claims are time-barred

The statute of limitations for personal injury claims is two years. TEX. CIV. PRAC. & REM CODE 16.003(a).  Therefore, Plaintiff's tort claims based on events which occurred in September and October 2017 are time barred and should be dismissed. *See, e.g., Doe v. Linam*, 225 F.Supp.2d 731 (S.D. Tex. 2002) (applying two-year rule to assault victim's claims of negligence and intentional infliction of emotional distress).  In her Petition, Plaintiff recognizes that she has filed this lawsuit more than two (2) years after the death of Cayley Mandadi.  Plaintiff does not allege that there has been any sort of fraudulent concealment or tolling of the statute of limitations. Instead, Plaintiff relies on *Stephanie M. v. Coptic Orthodox Patriarchate Diocese*, 362 S.W.3d 656, 2011 Tex. App. LEXIS 1952 (Tex. App.—Houston 14th Dist. 2011, no pet.) wherein the court of appeals adopted a five-year statute of limitations set forth in Texas Civil Practice & Remedies Code § 16.0045 for personal injury claims that arise "as a result of conduct" that violates the sexual assault provisions of the Texas Penal Code.  In *Stephanie M.*, Plaintiff filed suit against the Defendants (a diocese and a church) alleging they were negligent for failing to prevent a priest from sexually assaulting her as a minor.  The court of appeals held that the five year statute of limitations for sexual assault cases set out in Texas Civil Practice & Remedies Code § 16.0045 applied to claims against the Defendants who did not physically assault the Plaintiff but whose negligence was determined to have proximately caused the sexual assault.

14

Unlike the *Stephanie M* case, in the case at bar, the accused perpetrator, Mark Howerton, was not an employee or student of Trinity University or under the control of Trinity at any relevant time. The assault which ultimately led to the death of Cayley Mandadi did not occur on the Trinity campus or in a situation or location under the control of Trinity. Based on the facts of this case, the five-year statute of limitations under section 16.0045 for sexual assault cases should not apply as to Plaintiff's claims against Trinity. Accordingly, Plaintiff's negligence claims against Trinity are time barred and should, therefore, be dismissed.

**B.      Plaintiff's negligence claims fail because Trinity did not have a legal duty to protect its students**

To establish a cause of action for negligence, the plaintiff must show the existence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages that were proximately caused by the breach of that duty. *Nabors Drilling, USA Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Centeq Realty, Inc., v. Siegler,* 899 S.W.2d 195, 197 (Tex. 1995). If there is no duty, then there is no liability, and the claim fails. *Boyd v. Texas Christian Univ.*, 8 S.W.3d 758 (Tex. App. – Fort Worth 1999, no pet.). The general rule is that a person has no legal duty to protect another from the criminal acts of a third person or to control their conduct. *Id.* at 760.

Even if Plaintiff's negligence claims were not time-barred, Plaintiff has failed to state a plausible claim for which relief can be granted. The common law does not impose the alleged duties set forth by Plaintiff in her pleadings. Moreover, under Texas law there is no "special relationship" between a university and its students that would give rise to any of the duties asserted. As a matter of law, a university does not owe a legal duty to protect or control its students, particularly at private, off-campus parties or events. The existence of a "special relationship" is

an exception to this general rule, such as the relationship between employee/employer, parent/child, and independent contractor/contractee. *Id.* Absent a special relationship, there is no general duty to warn. *Gatten v. McCarley*, 391 S.W.3d 689, 674 (Tex. App.—Dallas 2013, no pet.); *see, e.g., Thapar v. Zezulka*, 994 S.W.2d 635 (Tex. 1999) (psychiatrist whose patient said he wanted to kill third party and then acted on that threat did not have a duty to warn the victim). Foreseeability alone is not sufficient to create a duty. *Gatten*, 391 S.W.3d at 677 (holding that because liability for a criminal act committed by a third party cannot be based on foreseeability alone, in the absence of control or a right of control, no duty was owed to prevent the assault on the plaintiff).

In the case at bar, Plaintiff's negligence claims fail because, as a matter of law, there was no special relationship and thus no duty to protect or control. *See generally Boyd*, 8 S.W.3d at 760; *see also Hux v. Southern Methodist Univ.*, 819 F.3d 776, 781 (5th Cir. 2016) (because there is no "special relationship" between a university and its students, the university did not owe a duty of good faith and fair dealing).

In *Boyd*, the court of appeals rejected the personal injury claims of a Texas Christian University student who was injured during an off-campus altercation with several TCU football players. *Boyd*, 8 S.W.3d at 759. TCU did not sponsor the event or control the premises. The student alleged that TCU was negligent in failing to properly supervise, control, or discipline the athletes and in failing to provide a safe environment for the plaintiff. The court rejected the claim, finding that TCU owed no duty to provide a safe environment at an off-campus event not organized

by the university. *Id.* at 760.   Courts in other jurisdictions have reached the same conclusion in

cases involving off-campus and on-campus injuries[5]

Case law demonstrates that there is no special relationship between universities and their

students and that universities do not have a common law duty to protect their students from harm.

Imposing a duty on Trinity to protect students like Cayley Mandadi from the criminal acts of non-

student/non-employee third parties would fly in the face of established law.   Further, the case law

simply does not support the imposition of duties suggested by Plaintiff.   Because Plaintiff has not

established a plausible claim for a breach of any common law duty, the negligence claims fail as

a matter of law and should be dismissed.

**C.**      **Plaintiff's negligence *per se* claim cannot be based on a violation of Title IX**

Plaintiff alleges that Trinity's negligence and/or negligence *per se* proximately caused

damages to Plaintiff.[6]   The only statute referenced by Plaintiff is Title IX.   Plaintiff's negligence

*per se* claim fails on its face.

Title IX does not establish a statutory standard that may be substituted for the general

common law standard.   *Ross v. Univ. of Tulsa*, 2015 WL 4064754 (N.D. Okla., July 2, 2015)

(unreported).   "[T]he 'standard' set by Title IX is simply to avoid sex discrimination in educational

programs or activities." *Id.*   Further, allowing a Title IX regulatory violation to establish a

negligence *per se* claim is contrary to *Gebser* which requires "deliberate indifference."   *Id.*

---

[5] *See, e.g.*, *Pawlowski v. Delta Sigma Phi*, 2009 WL 415667, 47 Conn. L. Rptr. 132 (Sup. Ct. Conn., Jan. 23, 2009) (unreported) (holding that university did not have a duty to protect an intoxicated student at an off-campus fraternity party despite allegation that university had previously warned fraternity about underage drinking); *Tanja H. v. Regents of the Univ. of Calif.,* 228 Cal.App.3d 434, 437-438 (1991) (rejecting claim of student who was raped in her dorm following a party where alcohol was served to underage students); *Rabel v. Illinois Wesleyan Univ.,* 514 N.E.2d 552 at 560-561 (Ill. App. Ct. 4th Dist. 1987) (rejecting claim of student who was removed from her dorm and injured by a drunken fraternity member).
[6] *See* Plaintiff's Original Petition and Jury Demand, Dkt. 1-3, ¶47.

Here, Plaintiff's pleading refers only to a "duty of care" and not to any mandatory standard of conduct.[7]  Further, the claim is time-barred.  Because Plaintiff has not articulated a plausible negligence *per se* claim, Trinity moves to dismiss this claim.

WHEREFORE, PREMISES CONSIDERED, Defendant Trinity University prays that the Court grant this Motion and dismiss Plaintiff's claims and for such further and relief to which this Defendant Trinity University may show itself justly entitled, whether at law or in equity.

Respectfully submitted,

ALLEN, STEIN & DURBIN, P.C.
6243 I.H. 10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas 78201
(210) 734-7488 (Telephone)
(210) 738-8036 (Telecopier)

*/s/ Jennifer Gibbins Durbin*

_____

JENNIFER GIBBINS DURBIN
State Bar No. 07840500
jdurbin@asdh.com

KATHERINE M. WILLIS
State Bar No. 24033472
kwillis@asdh.com

**ATTORNEYS FOR DEFENDANT
TRINITY UNIVERSITY**

---

[7] *See* Plaintiff's Original Petition and Jury Demand, Dkt. 1-3, ¶47.

18

### *CERTIFICATE OF SERVICE*

The undersigned certifies that a true and correct copy of the foregoing pleading was served upon all counsel of record on June 9, 2022, via the Court's ECF/CMF electronic service system as follows:

Mr. Richard T. Stilwell
Ms. Amanda R. Pierson
STILWELL LAW FIRM PLLC
214 Glenwood Drive
Houston, Texas 77007
tom@tstilwell.com
amanda@tstilwell.com

Mr. Robert F. White
LAW OFFICE OF ROBERT F. WHITE, P.C.
10107 McAllister Freeway
San Antonio, Texas 78216
robert@rfwpc.com

*/s/ Jennifer Gibbins Durbin*
_____
JENNIFER GIBBINS DURBIN
KATHERINE M. WILLIS

#2214332/4159 1264/KMW